STATE *ex rel.* KNOX, ATTY. GEN., *v.* HOME OIL Co.*

(Division A.   Oct. 24, 1927.)

[114 So. 326.   No. 25586.]

LICENSES. *Purchase of gasoline for levee work through Federal agent on behalf of state levee districts held exempt from privilege tax (Laws 1924, chapter 115).*

Purchase of gasoline for levee work in Mississippi by the United States district engineer from fund for such work contributed by the Federal government and state levee districts *held*, in view of the state's primary duty of maintaining levees, to have been in reality made by and on behalf of such districts, and so exempt from the privilege tax under Laws 1924, chapter 115.

*Corpus Juris-Cyc. References: Levees and Flood Control, 36CJ, p. 997, n. 10 New; Licenses, 37CJ, p. 237, n. 20 New.

APPEAL from circuit court of Warren county.

HON. T. C. CATCHINGS, Special Judge.

Action by the state, on the relation of Rush H. Knox, attorney-general, against the Home Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Morse & Bryan,* for appellant.

The court will find by referring to the written opinion of the presiding judge that his holding was flatly in conflict with what this court has subsequently held in *State ex rel. Knox, Atty.-Gen.,* v. *Panhandle Oil Co.,* 112 So. 584. The lower court held that the sales involved in this action came within the intent and meaning of the exemption paragraph of chapter 115, Laws of 1924, which reads:

"However, the tax herein imposed shall not apply to gasoline purchased by the state or any county, municipality or taxing district of the state for use in the construction, maintenance or repair of public improvements."

That the lower court erred is clear from a reading of the agreed statement of facts, the so-called exemption provision quoted above and the opinion of this court as rendered in the Panhandle Oil Company, *supra.* Without discussing the constitutionality of this so-called exemption provision or any other collateral matter, and assuming for the purpose of this suit that under certain cases as provided therein exemptions may be had, it will

be easily seen that appellee does not under the facts of this case come within its purview.

It is clear from the agreed settlement of facts that this gasoline was not "purchased by" the state, any county, municipality, or taxing district of the state for the reason that it is stipulated, as we mentioned above, that appellee "sold to the third Mississippi river district of the Mississippi river commission under the War Department of the United States Government" the gas in question; and, further, that "said gas was purchased by the said district engineer" and the maintenance and repair of the levees in the districts were "done under the direct and exclusive control of the United States district engineer."

Regardless of benefits, these levee projects are undoubtedly under Federal control just as much so as were the operations of the United States Coast Guard in and about Mississippi waters. Does the fact that the levee districts of the state, which are unquestionably taxing districts, contribute a portion of the funds expended prevent the projects from being Federal in their nature? The agreed statement of facts shows to the contrary. It seems inescapable, therefor, that the legislature in granting this so-called exemption had in mind purely state, county, municipality or state taxing district projects under the control and supervision of these various divisions of the state body politic.

This court from time immemorial has held that the would-be exemptionist must always show clearly and unequivocally that he is within the provisions of the particular exemption statute, and that such statute must be construed strictly against exemption from taxation and other public burdens. A host of cases could be cited, but we think the rule is so elementary that we shall only refer the court to *Currie-Finch Brick & Lbr. Co.* v. *Miller,* 123 Miss. 850, 86 So. 579; *Greenville Ice & Coal Co.* v. *City of Greenville,* 69 Miss. 86, 10 So. 574; *Barnes* v.

*Jones,* 103 So. 773; and *Pine Land Bag Corp.* v. *Riley,* 107 So. 554.

It is certain that appellee cannot bring the agreed statement of facts in this case into harmony with the so-called exemption provision of our gasoline tax act, even by implication. It would take a most skillful and ingenious mental gymnast to reach this result.

*Wm. I. McKay,* for appellee.

The one question of law here is whether or not the seller or distributor of gasoline is liable to pay the tax of three cents per gallon on gasoline purchased by and for the boards of levee commissioners in the state of Mississippi, through the agency of the United States Government, for exclusive use in the construction, maintenance and repair of the levees in the state, under the last paragraph of section 2, chapter 115, Laws of 1924.

The agreed facts clearly bring the appellee within the letter and spirit of the exempting provision of the statute and entitles the appellee to claim and maintain the exemption for the use, benefit and advantage of the levee districts. The levee districts are the real and sole parties in interest; the levee districts were the real and actual purchasers of the gasoline, merely through the agency of the district engineer; the levee districts were "taxing districts of the state;" and the gasoline was purchased and used exclusively in the construction, maintenance, and repairs of the levees, which are "public improvements." Our levee districts, "taxing districts," and our "public improvements" are the sole beneficiaries of this claimed exemption.

Appellant cites our case of *State* v. *Panhandle Oil Co.,* 112 So. 584, to the effect that the tax is a privilege tax, and not a property tax. The cited case is not in point. The one, single, simple question of law involved in, and therefore decided by, the cited case was whether or not the tax should have been collected on gasoline sold di-

rectly and exclusively to the United States government
"for use in the operation of the United States Coast
Guard, and to the United States Veterans' Hospital."
And this court passed, and could have passed, only on
that one question, holding that the United States gov-
ernment, as such, was not entitled to the exemption pro-
vided for in the statute. Necessarily, the court decided
that the United States was not a "taxing district of the
state," nor were the United States Coast Guard and
the United States Veterans' Hospital "public improve-
ments" of our state, as contemplated by the exemption
provision of the statute. On this point the cited de-
cision of this court is very probably sound and unassail-
able, although the legislative policy of withholding the
exemption from our common government in its opera-
tions in our state for the common weal may be too nar-
row and selfish.

The appellant contends that our levees are Federal
in their nature, just as much so as the United States
Coast Guard. This is a fatuous figment of a fertile
fancy, without semblance of support of law or fact. Who
buys, pays untold sums of money for, and owns all of
the rights-of-way or easements for these levees? The
levee districts alone. Who defrays other incidental cost
and expenses? The levee districts alone. What assist-
ance, by donations or otherwise from the United States
or from any other source, than taxation by and in the
levee districts, do, or can, our levee districts receive for
these purposes? None whatever. The United States
explicitly provides that none of the funds donated by it
may be used for such purposes.

We are now on our suppliant knees, beseeching this
very United States to take over our inadequate levees,
as a "Federal" concern, which the appellant contends
has already been done.

There is no foundation in reason for the foolish fiscal
policy, which is clearly contrary to the plain mandate

of the statute, to take the trust funds of our levee districts to pay this tax, and force them to make it up by raising more taxes.

Argued orally by *Harry M. Bryan,* for appellant, and *Wm. I. McKay,* for appellee.

Cook, J., delivered the opinion of the court.

Appellant instituted this suit in the circuit court of Warren county seeking to recover certain taxes alleged to be due under and by virtue of the provisions of chapter 115, Laws of 1924, which, among other things, provided that:

"Any person engaged in business of distributor of gasoline, or retail dealer in gasoline, shall pay for the privilege of engaging in such business an excise tax of three cents (3c) per gallon upon the sale of gasoline by such dealer in this state, except, however, . . . the tax herein imposed shall not apply to gasoline purchased by the state or any county, municipality or taxing district of the state for use in the construction, maintenance or repair of public improvements."

The case was submitted to the trial judge in the court below upon an agreed statement of facts, which presented the question of whether or not, under the above-quoted exemption or exception, the seller or distributor of gasoline is liable to pay the tax of three cents per gallon on gasoline purchased by and for the board of levee commissioners in the state of Mississippi, through the agents of the United States government, for exclusive use in the construction, maintenance, and repair of levees in the state. The court below held that there was no liability for this tax on such sales, and dismissed the suit, and, from the judgment entered, this appeal was prosecuted.

The agreement of counsel, as it appears in the record, is as follows:

"It is hereby agreed by and between the parties hereto that, for the purpose of the trial and determination of this suit, the same be submitted on the following stipulations and facts, to-wit:

"(1) That, since the coming into operation of chapter 115 of the Laws of 1924, the defendant has sold to the third Mississippi river district of the Mississippi river commission, under the War Department of the United States government, fifty-one thousand nine hundred eighty-three gallons of gasoline, which gasoline was used in the construction, maintenance, and repair of the levees in the several levee districts of Mississippi, and on which gasoline the defendant paid no taxes under said chapter 115 of the Laws of 1924.

"(2) That the several levee districts of Mississippi are taxing districts of said state; and that the levees in said levee districts are public improvements.

"(3) That, under the authority of an Act approved March 4, 1923, Congress has for the last two years included in the Omnibus Appropriation Act for the War Department of the United States an item of 'Flood Control, Mississippi River.' The funds so appropriated are apportioned by the Mississippi river commission to the various works under its charge, a part of these funds being allotted for the construction, maintenance, and repair of levees along the Mississippi river in the state of Mississippi. The Federal law requires that, for every dollar so allotted, the Mississippi levee districts shall contribute, at least, fifty cents, in addition to providing rights of way, and other incidentals free of cost to the United States. Under this arrangement, the several Mississippi levee districts have made the required contributions, placing the contributed funds to the credit and at the disposal of the district engineer of said river district, with which appropriated and contributed funds, on the basis of two dollars from the Federal allottment for every one dollar from the levee districts of the state, labor,

materials, and appliances are purchased for the construction, maintenance, and repair of the levees of the several levee districts of the state, the same being done under the direct and exclusive control of the United States district engineer. And that said gasoline was purchased by said district engineer with said combined funds, and by him used in the construction, maintenance, and repair of the levees in said levee districts of Mississippi, none of such gasoline having been purchased for, furnished to, or used by any other independent contractor or person. That the United States government directly applies said combined funds as aforesaid, without profit, charge, or compensation to itself or to any other person.

"(4) That, so far as this suit is concerned, the defendant has duly and legally reported, accounted for, and paid all taxes on all other gasoline sold and distributed by the defendant to other persons than the United States and levee districts as aforesaid; and that the defendant duly reported the sale of said gasoline to the United States and levee districts, as aforesaid, but paid no taxes thereon, duly claiming that the same was legally exempt from such taxes by the intent and provisions of said statutes, in good faith, and on advice of counsel.

"(5) That, since said statute has been in operation, the average daily selling price of gasoline has been seventeen and seventy-five hundredths cents per gallon, which includes the tax of three cents per gallon.

"(6) That, as if fully and effectually pleaded and proper issue joined thereon, the defendant may have all and full benefit and advantages of the following defenses in this suit, if legally entitled to any benefit and advantage, to-wit:

"A. That said statute violates either or both of the Constitution of Mississippi and of the United States.

"B. That said tax is an unlawful tax and burden on the agencies, operations, and instrumentalities of the United States.

"C.  That all of the gasoline sold and furnished to the United States and the levee districts as aforesaid is exempt from said tax by the intent and provisions of said statute.

"D.  That said tax is not a privilege tax, nor a tax on the distributor, but that it is a property tax, a tax on the purchaser alone, and invalidly excessive and void.

"E.  That the levee districts of Mississippi are taxing districts; that the levees are public improvemnts; and that the levee districts receive the entire benefit of the exemption from said tax; and that no other person or body receives any of the benefit therefrom.

"F.  Any other defense that defendant may elect to interpose in any other manner.

"(7)  That the purpose of this suit and agreement is to have the courts fully and finally to determine and adjudicate all of the legal rights and defenses of the parties hereto, without further proof, pleadings, or formalities, to the same effect as if all legal defenses had been properly raised, pleaded, and proved."

The court below seems to have based its decision upon two grounds: First, that the tax imposed by chapter 115, Laws of 1924, is a property tax, and not a license or privilege tax; and, second, that the state of Mississippi cannot impose a tax upon property bought and used by the United States government for the express purpose of carrying out one of its public policies; and, for reversal of the judgment of the court below, the appellant relies, principally, upon the case of *State ex rel. Knox, Attorney-General, v. Panhandle Oil Co.*, 112 So. 584, in which this court held that the tax in question is a privilege tax on the dealer, and not a tax on the gasoline sold, or on the person who buys the commodity, and that, in taxing the privilege of carrying on this business, the state was acting within its rights, and the Federal government was not entitled to have such tax annulled upon gasoline purchased by it and used in the operation of its instrumen-

talities. While the holdings of the court in this case are probably adverse to the reasons assigned by the court below for its decision, still we do not think it decisive of the question presented by the facts here involved.

From the agreed statement of facts, it appears that Congress had appropriated funds for flood control along the Mississippi river, which were to be apportioned by the Mississippi river commission to the various works under its charge, a part of which might be allotted for the construction, maintenance, and repair of levees along the Mississippi river in the state of Mississippi, upon the condition, however, that for every dollar so allotted the Mississippi levee districts should contribute at least fifty cents, in addition to providing all rights of way and other incidental expenses. Under this arrangement, the several Mississippi levee districts made the required contributions, and the combined funds were placed at the disposal of the United States district engineer, to be used or expended by him in paying labor and purchasing material and appliances to be used solely in the construction, maintenance, and repair of the levees of the several districts of the state, and, with the funds so contributed by the levee districts and the Federal government, the said district engineer purchased the gasoline here in question, and used it in the construction, maintenance, and repair of the levees in said levee districts of this state.

While the purchase of this gasoline and its use in the construction and maintenance of the levees of this state was in aid of the general policy of the Federal government to assist the states in the solution of the great problem of flood control along the Mississippi river, the primary duty of constructing and maintaining these levees and protecting the adjacent lands from overflow still rests upon the state, acting through the agency of its taxing districts, the several levee districts, and, although the gasoline was purchased by, and used under,

the direction of an agent of the United States government, in so doing he was also the agent and representative of the several levee districts, and, in reality, the purchases were made by and on behalf of these several taxing districts of the state. Consequently, we are of the opinion that these purchases came within the exception or exemption of this statute, and that the appellee is not liable for any taxes upon such purchases.

The judgment of the court below will therefore be affirmed.

*Affirmed.*